# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ABACUS FEDERAL SAVINGS BANK

Plaintiff,

-against-

ALBERT LAU A/K/A ALBERT C. LAU; NEW YORK CITY PARKING VIOLATIONS BUREAU PAYMENT AND ADJUDICATION CENTER OF QUEENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, MICHELLE ADDEO; CHRISTIAN DOE; ANGEL FAJARDO,

Defendants,

**INDEX # 723631/2022**

**NOTICE OF SALE**

Pursuant to a Judgment of Foreclosure and Sale entered on October 22nd, 2024 within is a copy of the Notice of Sale for the above captioned matter.

Dated: Manhasset, New York
December 20, 2024

David A.Gallo & Associates LLP

/s/ Frank A. Morrone, Esq.
Frank A. Morrone, Esq.
Attorney for Plaintiff
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

TO ALBERT LAU A/K/A ALBERT C. LAU
3-24 150TH STREET
WHITESTONE, NY 11357

CHRISTIAN DOE
3-24 150TH STREET
WHITESTONE, NY 11357

MICHELLE ADDEO
3-24 150TH STREET
WHITESTONE, NY 11357

ANGEL FAJARDO
3-24 150TH STREET
WHITESTONE, NY 11357

Gregory M. LaSpina, Esq.
1902 Whitestone Expy, Ste 302
Whitestone, NY 11357
Referee

SUPREME COURT - COUNTY OF QUEENS.

ABACUS FEDERAL SAVINGS BANK, Plaintiff -against- ALBERT LAU A/K/A ALBERT C. LAU, et al Defendant(s). Pursuant to a Judgment of Foreclosure and Sale entered herein and dated October 17, 2024, I, the undersigned Referee will sell at public auction at the Queens County Supreme Courthouse, 88-11 Sutphin Blvd., in Courtroom # 25, Jamaica, NY on February 14, 2025 at 10:00 a.m. premises situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows: BEGINNING at a point on the westerly side of 150th Street, distant 208.57 feet southerly from the corner formed by the intersection of the southerly side of 3rd Avenue and the westerly side of 150th Street; being a plot 61.05 feet by 127.69 feet by 60.48 feet by 123.29 feet. Block: 4495 Lot: 101

Said premises known as 3-24 150TH STREET, WHITESTONE, NY 11357

Approximate amount of lien $402,277.38 plus interest & costs.

Premises will be sold subject to provisions of filed Judgment and Terms of Sale.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee’s attorney.

Index Number 723631/2022.

GREGORY M. LASPINA, ESQ., Referee

David A. Gallo & Associates LLP

Attorney(s) for Plaintiff

47 Hillside Avenue, 2nd Floor, Manhasset, NY 11030

File# 8701.22

{* Queens Daily Eagle*}

INDEX # 723631/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ABACUS FEDERAL SAVINGS BANK

Plaintiff,

-against-

ALBERT LAU A/K/A ALBERT C. LAU, et al

Defendant(s)

# NOTICE OF SALE

**DAVID A. GALLO & ASSOCIATES LLP**
Attorneys for Plaintiff
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030
(516) 583-5330
Our file #: 8701.22

To:
Attorney(s) for

Service of a copy of the within _______________ is hereby admitted.
Dated: ___________________

_____________________________
Attorney's for:

Sir:-Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 2024
☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named court, at
on 2024 at M.
Dated,

Yours, etc.
DAVID A. GALLO & ASSOCIATES LLP
Office & P.O. Address
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ABACUS FEDERAL SAVINGS BANK<br><br>Plaintiff,<br><br>-against-<br><br>ALBERT LAU A/K/A ALBERT C. LAU; NEW YORK CITY PARKING VIOLATIONS BUREAU PAYMENT AND ADJUDICATION CENTER OF QUEENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, MICHELLE ADDEO; CHRISTIAN DOE; ANGEL FAJARDO,<br><br>Defendants, | **INDEX # 723631/2022**<br><br>**AFFIRMATION OF SERVICE BY MAIL** |

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, Frank A. Morrone, Esq., the undersigned attorney, admitted to practice in the Courts of the State of New York, being duly sworn, say:

On December 20, 2024, I served the within **NOTICE OF SALE** by mailing a copy to each of the following persons at the last known address as set forth below:

TO ALBERT LAU A/K/A ALBERT C. LAU
3-24 150TH STREET
WHITESTONE, NY 11357

CHRISTIAN DOE
3-24 150TH STREET
WHITESTONE, NY 11357

MICHELLE ADDEO
3-24 150TH STREET
WHITESTONE, NY 11357

ANGEL FAJARDO
3-24 150TH STREET
WHITESTONE, NY 11357

Gregory M. LaSpina, Esq.
1902 Whitestone Expy, Ste 302
Whitestone, NY 11357
Referee

/s/ Frank A. Morrone, Esq.

December 20, 2024

# DAVID A. GALLO & ASSOCIATES LLP

WWW.DAGALLP.COM
47 HILLSIDE AVENUE - 2ND FLOOR
MANHASSET, NY 11030

NY PHONE: (516) 583-5330
NY FAX: (516) 514-3681

DAVID A. GALLO
KATHLEEN CLIFFORD GALLO
*ROBERT M. LINK
* MEMBER OF N.Y. & N.J.

DANIEL D. ANGIOLILLO
JUSTICE OF THE APPELLATE DIVISION
SECOND DEPARTMENT, RETIRED
*OF COUNSEL*


**The undersigned is attempting to collect a debt, and any information obtained will be used for that purpose. We are not attempting to collect money from anyone who has discharged the debt under U.S. Bankruptcy Laws.**

**This is not a demand for payment; this is not an acceleration notice, nor is it an initial communication with you. This should not be used or considered as a communication within the meaning of 15 U.S.C.A. Section 1692g. "The Fair Debt Collection Act".**

June 3, 2025

Gregory M. LaSpina, Esq.
1902 Whitestone Expy, Ste 302
Whitestone, NY 11357

**RE: ABACUS FEDERAL SAVINGS BANK Vs ALBERT LAU, et al**
**Index No.: 723631/2022; Our File No. 8701.22**

Dear Mr. LaSpina, Esq.:

This letter is to confirm that the public auction in the above referenced action is scheduled for July 11th, 2025 at 10:00 a.m. at the Queens County Supreme Courthouse, 88-11 Sutphin Blvd., in Courtroom # 25, Jamaica, NY.

Enclosed please find a copy of the Notice of Sale for your reference. Please do not conduct the Sale until our Representative arrives with the Sale Documents and Bidding Instructions. If there is an issue in this regard, please contact the undersigned.

In the event of a cancellation of the scheduled sale, you may be obligated to make a motion to the Court for a cancellation fee. Please note that our office is bound to follow the language of the entered Judgment of Foreclosure and Sale and cannot award a cancellation fee without direction from the Court.

Thank you for your cooperation in the matter.

Very Truly Yours,
DAVID A. GALLO & ASSOCIATES, LLP
Erica Wiener, Legal Assistant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ABACUS FEDERAL SAVINGS BANK

Plaintiff,

-against-

ALBERT LAU A/K/A ALBERT C. LAU; NEW YORK CITY PARKING VIOLATIONS BUREAU PAYMENT AND ADJUDICATION CENTER OF QUEENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; MICHELLE ADDEO; CHRISTIAN DOE; ANGEL FAJARDO,

Defendants,

**INDEX # 723631/2022**

**NOTICE OF SALE**

Pursuant to a Judgment of Foreclosure and Sale entered on October 22nd, 2024 within is a copy of the Notice of Sale for the above captioned matter.

Dated: Manhasset, New York
June 3, 2025

David A.Gallo & Associates LLP

/s/ Frank A. Morrone, Esq.
Frank A. Morrone, Esq.
Attorney for Plaintiff
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

TO ALBERT LAU A/K/A ALBERT C. LAU
3-24 150TH STREET
WHITESTONE, NY 11357

CHRISTIAN DOE
3-24 150TH STREET
WHITESTONE, NY 11357

MICHELLE ADDEO
3-24 150TH STREET
WHITESTONE, NY 11357

ANGEL FAJARDO
3-24 150TH STREET
WHITESTONE, NY 11357

Gregory M. LaSpina, Esq.
1902 Whitestone Expy, Ste 302
Whitestone, NY 11357
Referee

SUPREME COURT - COUNTY OF QUEENS.

ABACUS FEDERAL SAVINGS BANK, Plaintiff -against- ALBERT LAU A/K/A ALBERT C. LAU, et al Defendant(s). Pursuant to a Judgment of Foreclosure and Sale entered herein and dated October 17, 2024, I, the undersigned Referee will sell at public auction at the Queens County Supreme Courthouse, 88-11 Sutphin Blvd., in Courtroom # 25, Jamaica, NY on July 11, 2025 at 10:00 a.m. premises situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows: BEGINNING at a point on the westerly side of 150th Street, distant 208.57 feet southerly from the corner formed by the intersection of the southerly side of 3rd Avenue and the westerly side of 150th Street; being a plot 61.05 feet by 127.69 feet by 60.48 feet by 123.29 feet. Block: 4495 Lot: 101

Said premises known as 3-24 150TH STREET, WHITESTONE, NY 11357

Approximate amount of lien $402,277.38 plus interest & costs.

Premises will be sold subject to provisions of filed Judgment and Terms of Sale.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

Index Number 723631/2022.

GREGORY M. LASPINA, ESQ., Referee

David A. Gallo & Associates LLP

Attorney(s) for Plaintiff

47 Hillside Avenue, 2nd Floor, Manhasset, NY 11030

File# 8701.22

{* Queens Daily Eagle*}

INDEX # 723631/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ABACUS FEDERAL SAVINGS BANK

Plaintiff,

-against-

ALBERT LAU A/K/A ALBERT C. LAU, et al

Defendant(s)

# NOTICE OF SALE

**DAVID A. GALLO & ASSOCIATES LLP**
Attorneys for Plaintiff
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030
Our file #: 8701.22

To:

Attorney(s) for

Service of a copy of the within _______________ is hereby admitted.
Dated: ___________________

____________________________
Attorney's for:

Sir:-Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 2025
☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named court, at
on 2025 at M.
Dated,

Yours, etc.
DAVID A. GALLO & ASSOCIATES LLP
Office & P.O. Address
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

# DAVID A. GALLO & ASSOCIATES LLP

WWW.DAGALLP.COM
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

NY Phone: (516) 583-5330
NY FAX: (516) 514-3681

DAVID A. GALLO
KATHLEEN CLIFFORD GALLO
*ROBERT M. LINK
* MEMBER OF N.Y. & N.J.

DANIEL D. ANGIOLILLO
Justice of the Appellate Division
Second Department, Retired
*Of Counsel*


**The undersigned is attempting to collect a debt, and any information obtained will be used for that purpose. We are not attempting to collect money from anyone who has discharged the debt under U.S. Bankruptcy Laws.**

**This is not a demand for payment; this is not an acceleration notice, nor is it an initial communication with you. This should not be used or considered as a communication within the meaning of 15 U.S.C.A. Section 1692g. "The Fair Debt Collection Act".**

September 11, 2026

Gregory M. LaSpina, Esq.
1902 Whitestone Expy, Ste 302
Whitestone, NY 11357

**RE: ABACUS FEDERAL SAVINGS BANK Vs ALBERT LAU, et al**
**Index No.: 723631/2022; Our File No. 8701.22**

Dear Mr./Mrs./Ms. LaSpina, Esq.:

This letter is to confirm that the public auction in the above referenced action is scheduled for October 9th, 2026 at 10:00 a.m. at the Queens County Supreme Courthouse, 88-11 Sutphin Blvd., in Courtroom # 25, Jamaica, NY.

Enclosed please find a copy of the Notice of Sale for your reference.

Thank you for your cooperation in the matter.

Very Truly Yours,
DAVID A. GALLO & ASSOCIATES, LLP
Erica Wiener, Legal Assistant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ABACUS FEDERAL SAVINGS BANK<br><br>Plaintiff,<br><br>-against-<br><br>ALBERT LAU A/K/A ALBERT C. LAU; NEW YORK CITY PARKING VIOLATIONS BUREAU PAYMENT AND ADJUDICATION CENTER OF QUEENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; MICHELLE ADDEO; CHRISTIAN DOE; ANGEL FAJARDO,<br><br>Defendants, | **INDEX # 723631/2022**<br><br>**NOTICE OF SALE** |

Pursuant to a Judgment of Foreclosure and Sale entered on October 22nd, 2024 within is a copy of the Notice of Sale for the above captioned matter.

Dated: Manhasset, New York
September 11, 2026

David A.Gallo & Associates LLP

/s/ Frank A. Morrone, Esq.
Frank A. Morrone, Esq.
Attorney for Plaintiff
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

TO KARAMVIR DAHIYA, ESQ.
DAHIYA LAW OFFICES LLC
*ATTORNEY FOR DEFENDANT ALBERT LAU A/K/A ALBERT C. LAU*
111 JOHN ST, STE 1860
NEW YORK, NY 10038

CHRISTIAN DOE
3-24 150TH STREET
WHITESTONE, NY 11357

MICHELLE ADDEO
3-24 150TH STREET
WHITESTONE, NY 11357

ANGEL FAJARDO
3-24 150TH STREET
WHITESTONE, NY 11357

GREGORY M. LASPINA, ESQ.
*REFEREE*
1902 WHITESTONE EXPY, STE 302
WHITESTONE, NY 11357

SUPREME COURT - COUNTY OF QUEENS.

ABACUS FEDERAL SAVINGS BANK, Plaintiff -against- ALBERT LAU A/K/A ALBERT C. LAU, et al Defendant(s). Pursuant to a Judgment of Foreclosure and Sale entered herein and dated October 17, 2024, I, the undersigned Referee will sell at public auction at the Queens County Supreme Courthouse, 88-11 Sutphin Blvd., in Courtroom # 25, Jamaica, NY on October 9, 2026 at 10:00 a.m. premises situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows: BEGINNING at a point on the westerly side of 150th Street, distant 208.57 feet southerly from the corner formed by the intersection of the southerly side of 3rd Avenue and the westerly side of 150th Street; being a plot 61.05 feet by 127.69 feet by 60.48 feet by 123.29 feet. Block: 4495 Lot: 101

Said premises known as 3-24 150TH STREET, WHITESTONE, NY 11357

Approximate amount of lien $402,277.38 plus interest & costs.

Premises will be sold subject to provisions of filed Judgment and Terms of Sale.

If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee or the Mortgagee's attorney.

Index Number 723631/2022.

GREGORY M. LASPINA, ESQ., Referee

David A. Gallo & Associates LLP

Attorney(s) for Plaintiff

47 Hillside Avenue, 2nd Floor, Manhasset, NY 11030

File# 8701.22

{* Queens Daily Eagle*}

INDEX # 723631/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

ABACUS FEDERAL SAVINGS BANK

Plaintiff,

-against-

ALBERT LAU A/K/A ALBERT C. LAU, et al

Defendant(s)

# NOTICE OF SALE

**DAVID A. GALLO & ASSOCIATES LLP**
Attorneys for Plaintiff
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030
Our file #: 8701.22

To:

Attorney(s) for

Service of a copy of the within _______________ is hereby admitted.
Dated: ___________________

_____________________________
Attorney's for:

Sir:-Please take notice
☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on 2026
☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy will be presented for
settlement to the HON. one of the judges
of the within named court, at
on 2026 at M.
Dated,

Yours, etc.
DAVID A. GALLO & ASSOCIATES LLP
Office & P.O. Address
47 Hillside Avenue - 2nd Floor
Manhasset, NY 11030

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| ABACUS FEDERAL SAVINGS BANK<br><br>Plaintiff,<br><br>-against-<br><br>ALBERT LAU A/K/A ALBERT C. LAU; NEW YORK CITY PARKING VIOLATIONS BUREAU PAYMENT AND ADJUDICATION CENTER OF QUEENS; NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; MICHELLE ADDEO; CHRISTIAN DOE; ANGEL FAJARDO,<br><br>Defendants, | **INDEX # 723631/2022**<br><br>**<u>AFFIRMATION OF SERVICE BY MAIL</u>** |

STATE OF NEW YORK )
) ss.:
COUNTY OF NASSAU )

I, Frank A. Morrone, Esq., the undersigned attorney, admitted to practice in the Courts of the State of New York, being duly sworn, say:

On September 11, 2026, I served the within **NOTICE OF SALE** by mailing a copy to each of the following persons at the last known address as set forth below:

TO KARAMVIR DAHIYA, ESQ.
DAHIYA LAW OFFICES LLC
*ATTORNEY FOR DEFENDANT ALBERT LAU A/K/A ALBERT C. LAU*
111 JOHN ST, STE 1860
NEW YORK, NY 10038

CHRISTIAN DOE
3-24 150TH STREET
WHITESTONE, NY 11357

MICHELLE ADDEO
3-24 150TH STREET
WHITESTONE, NY 11357

ANGEL FAJARDO
3-24 150TH STREET
WHITESTONE, NY 11357

GREGORY M. LASPINA, ESQ.
*REFEREE*
1902 WHITESTONE EXPY, STE 302
WHITESTONE, NY 11357

/s/ Frank A. Morrone, Esq.

September 11, 2026

# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------- x

In re: Chapter 13

ALBERT LAU, Case No. 25-40720-ess

Debtor.
--------------------------------------- x

**ORDER DISMISSING CASE**

WHEREAS, on February 13, 2025, Albert Lau (the "Debtor") filed a petition for relief under Chapter 13 of the Bankruptcy Code; and

WHEREAS, the Debtor did not file a Mailing Matrix with the Court pursuant to Local Bankruptcy Rule 1007-3(a)(i) and in accordance with the Court's Official Notice of Deficient Filing issued by the Clerk of Court on February 13, 2025; and

WHEREAS, pursuant to Local Bankruptcy Rule 1007-3(a)(i), "[t]he debtor shall file a mailing matrix which shall include, in alphabetical order, the name and last known mailing address (including zip codes) for every scheduled creditor. The mailing matrix shall also include those agencies and officers of the United States entitled to receive notice under Bankruptcy Rule 2002(j). The mailing matrix shall be filed at the time the mailing matrix required by Bankruptcy Rule 1007(a) is filed;" and

WHEREAS, on February 18, 2025, the Court entered an order to show cause scheduling a hearing on the Debtor's failure to file the Mailing Matrix (the "Order to Show Cause"); and

WHEREAS, from time to time, and on April 30, 2025, the Court held a hearing on the Order to Show Cause, at which the Debtor did not appear; and

WHEREAS, as of the date of this Order, the Debtor has not filed the Mailing Matrix.

NOW, THEREFORE, it is hereby

ORDERED, that, based on the entire record, including the record of the April 30, 2025, hearing, the Debtor's case is dismissed for failure to comply with Local Bankruptcy Rule 1007-3(a)(i).

**Dated: Brooklyn, New York**
**April 30, 2025**

Elizabeth S. Stong
United States Bankruptcy Judge

TO:

**Albert Lau**
3-24 150th Street
Whitestone, NY 11357

**Debra Kramer**
Debra Kramer, PLLC
10 Gingerbread Lane
East Hampton, NY 11937

**Office of the United States Trustee**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

**Robyn E. Goldstein, Esq.**
David A. Gallo & Associates LLP
47 Hillside Avenue, 2nd Floor
Manhasset, NY 11030

# EXHIBIT E

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (Brooklyn)**

| | |
|---|---|
| In re:<br><br>Albert Lau<br>Debtor. | Case No.: 25-43298-ess<br><br>CHAPTER 7 |

**ORDER CONFIRMING THAT THE AUTOMATIC STAY IS *MODIFIED* ~~TERMINATED~~**

Upon the unopposed motion of Abacus Federal Savings Bank ***(the "Creditor")*** (the "Motion"), dated August 18, 2025, for an order pursuant to 11 U.S.C. §362(c)(3) confirming that the automatic stay is terminated, and proof of service upon all necessary parties, and the Court having jurisdiction to consider the relief requested therein in accordance with 28 U.S.C. §§157 and 734, ***and the Court having held a hearing on the Motion on March 31, 2026, at which the Debtor, the Trustee, MYC & Associates, Inc., and Abacus Federal Savings Bank appeared and were heard,*** and the Court having found that good and sufficient cause exists for granting the Motion, it is hereby

**ORDERED**, that pursuant to 11 U.S.C. § 362(c)(3)(A) the automatic stay instituted upon filing of the within bankruptcy case is hereby ***modified*** ~~terminated~~ as to movant's lien interest in the property located at 3-24 150th Street, Whitestone, NY 11357, thereby allowing Creditor to ***pursue its rights*** ~~take such actions,~~ with respect to this real property~~, as are set forth~~ under applicable ~~non-bankruptcy~~ law; it is further

**ORDERED**, that this Order shall be effective thirty (30) days from the date of entry; and it is further

**ORDERED**, that case Trustee shall retain any and all interest that said Trustee may have in any surplus monies that may be produced from a foreclosure sale of the property, and will be noticed of any such sale of the property and surplus proceedings.

**Dated: Brooklyn, New York**
**April 7, 2026**

Elizabeth S. Stong
United States Bankruptcy Judge

EXHIBIT F

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

In re: Chapter 7

ALBERT LAU, Case No. 1-25-43298-ess

Debtor.

--------------------------------------------------------------X

**CONSENT ORDER (I) RESOLVING THE CHAPTER 7 TRUSTEE'S SALE MOTION AND THE DEBTOR'S MOTION TO DISMISS, AND (II) DISMISSING ~~OR CONVERTING~~ THE DEBTOR'S CHAPTER 7 CASE**

**WHEREAS**, on July 10, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in this Court [ECF No. 1] (the "Current Case"); and

**WHEREAS**, a prior chapter 7 case was filed in this Court in the Debtor's name on February 13, 2025, Case No. 1-25-40720-ess (the "Prior Case"), which was dismissed on April 30, 2025; the Debtor disputes that he filed or authorized the filing of the Prior Case, and he does not recall filing it; and

**WHEREAS**, Richard J. McCord was appointed interim chapter 7 trustee of the Debtor's estate in the Current Case [ECF No. 2], duly qualified, and is now serving as the permanent trustee in the Current Case; and

**WHEREAS**, the Debtor is the record owner of the real property known as 3-24 150th Street, Whitestone, New York 11357, designated on the tax map of the City of New York, County of Queens, as Block 4495, Lot 101 (the "Property"), which is encumbered by a mortgage held by Abacus Federal Savings Bank ("Abacus") and is the subject of a judgment of foreclosure and sale entered October 22, 2024 in *Abacus Federal Savings Bank v. Albert Lau, et al.*, Index No. 723631/2022 (Sup. Ct. Queens County) (the "Foreclosure Action"); and

**WHEREAS**, by order entered April 7, 2026 [ECF No. 46] (the "Stay Relief Order"), the automatic stay was modified to permit Abacus to pursue its rights with respect to the Property; and

**WHEREAS**, the Court authorized the Trustee's retention of Certilman Balin Adler & Hyman, LLP as counsel [ECF No. 26], MYC & Associates, Inc. ("MYC") as real estate broker [ECF No. 31], and Joseph A. Broderick, P.C. as accountants [ECF No. 59] (collectively, the "Trustee's Professionals"); and

**WHEREAS**, the Court entered orders authorizing the Trustee to conduct examinations of, and obtain documents from, the Debtor [ECF No. 32] and Michelle Addeo a/k/a Michelle Lau ("Ms. Addeo") [ECF No. 47] pursuant to Fed. R. Bankr. P. 2004, an order directing the Debtor to comply with the Trustee's Rule 2004 subpoena [ECF No. 49], and an order directing the Debtor and Ms. Addeo to cooperate with the Trustee and allow access to the Property [ECF No. 54] (collectively, the "Discovery and Access Orders"); and

**WHEREAS**, on June 15, 2026, the Trustee filed an application for an order, among other things, approving bidding procedures and the sale of the Property free and clear of liens, claims, encumbrances and other interests pursuant to 11 U.S.C. §§ 105 and 363 [ECF No. 50], as supplemented [ECF No. 55] (the "Sale Motion"), which the Debtor opposed [ECF Nos. 56, 62, 63, 64 and 66] and in further support of which the Trustee replied [ECF Nos. 60 and 65]; and

**WHEREAS**, the Sale Motion includes a request for relief to approve a stalking horse agreement to purchase the Property by 61 Nison Badalov LLC (the "Bidder") who placed a contract deposit with the Trustee in a segregated trustee account in the amount of $120,000.00 (the "Contract Deposit"); and

**WHEREAS**, on September 14, 2026, the Debtor filed a motion for an order dismissing this chapter 7 case or granting alternative relief [ECF No. 68] (the "Motion to Dismiss"), notice of

which was served on the Trustee, the Office of the United States Trustee, all creditors and all parties in interest in accordance with Fed. R. Bankr. P. 2002(a)(4) [ECF No. 69], and the Trustee filed an objection thereto [ECF No. 70] (the "Trustee Objection"); and

**WHEREAS**, on September 29, 2026, the Trustee, by his counsel, filed in the Foreclosure Action a Notice of Appearance in Foreclosure and Claim to Surplus Funds (NYSCEF Doc. No. 78) (the "Surplus Funds Notice"), asserting a claim on behalf of the estate to any surplus monies resulting from the foreclosure sale of the Property; and

**WHEREAS**, the Sale Motion and the Motion to Dismiss (together, the "Motions") are each returnable before this Court on October 6, 2026; and

**WHEREAS**, counsel for the Parties appeared before the Court on October 2, 2026 and engaged in good faith settlement discussions off the record and arrived at an agreement in principle which included the Debtor agreeing to, and did, transfer the sum of $31,000.00 (the "Debtor Payment") to the Trustee, pending approval of a settlement stipulation; and

**WHEREAS**, without any admission or acknowledgment of any of the respective positions of the Parties, the Trustee consents to the dismissal of the Debtor's case, with a prompt return of the Debtor Payment to the Debtor, as well as a further order of the Court to return the Contract Deposit to the Bidder promptly after entry of this Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED ON CONSENT OF THE DEBTOR AND THE TRUSTEE, THAT:**

1. The Debtor's case be, and hereby is, dismissed.

2. The Sale Motion be, and hereby is, deemed withdrawn as moot.

3. Promptly after entry of this Order, the Trustee be, and hereby is, authorized and directed to return to the Debtor the Debtor Payment under applicable procedures governing the Trustee's handling of deposits under his custody and control.

4. Promptly after entry of this Order, the Trustee be, and hereby is, authorized and directed to return to the Bidder the Contract Deposit under applicable procedures governing the Trustee's handling of deposits under his custody and control.

5. Unless otherwise required by the Office of the United States Trustee, upon the dismissal of this case the Trustee is not required to file a Trustee Final Report.

**ON CONSENT:**

Dated: New York, New York
October 6, 2026

**DAHIYA LAW OFFICES, LLC**
Counsel for the Debtor

By: ___/s/Karamvir Dahiya______
Karamvir Dahiya, Esq.
111 John Street, Suite 1860
New York, New York 10038
Tel: (212) 766-8000
karam@dahiya.law

**CERTILMAN BALIN ADLER & HYMAN, LLP**
Counsel for the Chapter 7 Trustee

By: ___/s/Robert D. Nosek___________
Robert D. Nosek, Esq.
90 Merrick Avenue, 9th Floor
East Meadow, New York 11554
Tel: (516) 296-7000
rnosek@certilmanbalin.com

**Dated: Brooklyn, New York**
**October 7, 2026**

Elizabeth S. Strong
______________________________
Elizabeth S. Stong
United States Bankruptcy Judge



10161201.4

# EXHIBIT G

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK (Brooklyn)**

| | |
|---|---|
| In re:<br><br>MICHELE C ADDEO<br><br>Debtor. | Case No.: 26-44722-ess<br><br>CHAPTER 13 |

**ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND IN-REM RELIEF**

On November 17, 2026, the Motion (the "Motion") of Abacus Federal Savings Bank ("Movant"), dated October 15, 2026, came before the Court, for relief from the automatic stay with respect to the collateral known as 3-24 150th Street, Whitestone, NY 11357. (the "Collateral"). Proper notice of the hearing has been provided. This Court, having considered the evidence presented and the arguments of the parties, and with good cause appearing therefor, it is hereby

**ORDERED,** that relief is granted from Co-Debtor stay, as it applies to Albert Lau, pursuant to 11 U.S.C. § 1301; it is further

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby terminated pursuant to 11 U.S.C. § 362(d)(4) for multiple bankruptcy filings, as to Movant, its agents, assigns or successors in interest, so that Movant, its agents, assigns or successors in interest, may take any and all action under applicable non-bankruptcy law to exercise its remedies against the Collateral; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other case under this title purporting to affect such real property filed not later than

two years after the date of the entry of this Order, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and

a hearing; and it is further

**ORDERED**, that pursuant to 11 U.S.C. §362(d)(4), any Federal, State, or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of an order described in this subsection for indexing and recording; and it is further

**ORDERED**, that the Chapter 13 Trustee shall be served with a copy of the referee's report of sale within **thirty (30) days** of the report [*if applicable*] and shall be noticed with any surplus monies realized from the sale of the Collateral; and it is further

**ORDERED**, that Movant may offer a loan modification, loss mitigation and any other resolution of the disputes made the subject of the Motion in addition to or in lieu of taking any and all action under applicable state law to exercise its remedies against the Collateral, to the extent consistent with non-bankruptcy law, but excluding a reaffirmation of any discharged debt; and it is further

**ORDERED**, that Movant may seek attorney's fees and costs incurred in connection with the Motion in the *in rem* foreclosure proceeding to the extent allowed under any agreement(s) executed by Debtor and applicable non-bankruptcy law, but not as a personal liability of the Debtor; and it is further

**ORDERED**, that all other relief sought in the Motion, including any requested waiver of the 14 day stay imposed by Bankruptcy Rule 4001(a)(3), is denied.

# EXHIBIT H

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------x
In re: CASE NO. 26-44722-ess

MICHELE C ADDEO CHAPTER 13

Debtor.
---------------------------------------------------------x

RELIEF FROM STAY – REAL ESTATE AND
COOPERATIVE APARTMENTS

## BACKGROUND INFORMATION

1. ADDRESS OF REAL PROPERTY OR COOPERATIVE APARTMENT:
3-24 150th Street, Whitestone, NY 11357

2. LENDER NAME: ABACUS FEDERAL SAVINGS BANK

3. MORTGAGE DATE: September 12, 2006

4. POST-PETITION PAYMENT ADDRESS:
ABACUS FEDERAL SAVINGS BANK
6-8 BOWERY, 3RD FLOOR
NEW YORK, NY 10013

## DEBT AND VALUE REPRESENTATIONS

5. TOTAL PRE-PETITION AND POST-PETITION INDEBTEDNESS OF DEBTOR(S) TO MOVANT AS OF THE MOTION FILING DATE: $587,296.32 AS OF 10/9/2026
*(THIS MAY NOT BE RELIED UPON AS A "PAYOFF" QUOTATION.)*

6. MOVANT'S ESTIMATED MARKET VALUE OF THE REAL PROPERTY OR COOPERATIVE APARTMENT AS OF THE MOTION FILING DATE: $1,600,000.00

7. SOURCE OF ESTIMATED MARKET VALUE: BPO DATED 01/06/2025

## STATUS OF THE DEBT AS OF THE PETITION DATE

8. DEBTOR(S)'S INDEBTEDNESS TO MOVANT AS OF THE PETITION DATE:

| | |
|---|---|
| A. TOTAL: | $586,150.22 |
| B. PRINCIPAL: | $402,277.38 |
| C. INTEREST: | $116,252.43 |
| D. ESCROW (TAXES AND INSURANCE): | $39,022.26 |
| E. FORCED PLACED INSURANCE EXPENDED BY MOVANT: | $0.00 |
| F. PRE-PETITION ATTORNEYS' FEES CHARGED TO DEBTOR(S): | $5,085.00 |
| G. PRE-PETITION LATE FEES CHARGED TO DEBTOR(S): | $3,315.94 |

9. CONTRACT INTEREST RATE: 9.000%

*(IF THE INTEREST RATE HAS CHANGED, LIST THE RATE(S) AND DATE(S) THAT EACH RATE WAS IN EFFECT ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

*- 10/01/2021- 01/30/2023 6.500%*

*- 02/01/2023- 10/21/2024 6.500%*

*-10/22/2024 – 07/09/2025 9.00%*

10. OTHER PRE-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE:

| | |
|---|---|
| Appraisal fee | $ 825.00 |
| Inspection Fee | $ 943.00 |
| Cost and Disbursement under Judgment | $ 1,945.00 |
| Allowance in Judgment | $ 300.00 |
| Cost of Advertising Notice of Sale | $ 4,330.22 |
| Post Computation Advance | $ 796.44 |
| Open Charges per Tax Contin | $ 10,307.55 |
| Referees fee at sale | $ 750.00 |

*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

## AMOUNT OF POST-PETITION DEFAULT AS OF THE MOTION FILING DATE

11. DATE OF RECEIPT OF LAST PAYMENT: NO POST- PETITION PAYMENTS DUE

12. NUMBER OF PAYMENTS DUE FROM PETITION DATE TO MOTION FILING DATE: 0 PAYMENTS.

13. Post-petition payments in default:

| PAYMENT DUE DATE | AMOUNT DUE | AMOUNT RECEIVED | AMOUNT APPLIED TO PRINCIPAL | AMOUNT APPLIED TO INTEREST | AMOUNT APPLIED TO ESCROW | LATE FEE CHARGED |
|---|---|---|---|---|---|---|
| | | | | | | |
| Total: | | | | | | |

14. OTHER POST-PETITION FEES CHARGED TO DEBTOR(S):

A. TOTAL: $ 1,549.00

B. ATTORNEYS' FEES IN CONNECTION WITH THIS MOTION: $ 1,350.00

C. FILING FEE IN CONNECTION WITH THIS MOTION: $ 199.00

D. OTHER POST-PETITION ATTORNEYS' FEES: $ 0.00

E. POST-PETITION INSPECTION FEES: $ 0.00

F. POST-PETITION APPRAISAL/BROKER'S PRICE OPINION FEES: $ 0.00

G. FORCED PLACED INSURANCE EXPENDED BY MOVANT: $ 0.00

15. AMOUNT HELD IN SUSPENSE BY MOVANT: $ 0.00

16. OTHER POST-PETITION FEES, CHARGES OR AMOUNTS CHARGED TO DEBTOR(S)'S ACCOUNT AND NOT LISTED ABOVE: $0.00
*(IF ADDITIONAL SPACE IS REQUIRED, LIST THE AMOUNT(S) ON A SEPARATE SHEET AND ATTACH THE SHEET AS AN EXHIBIT TO THIS FORM. STATE THE EXHIBIT NUMBER HERE: N/A.)*

## REQUIRED ATTACHMENTS TO MOTION

PLEASE ATTACH THE FOLLOWING DOCUMENTS TO THIS MOTION AND INDICATE THE EXHIBIT NUMBER ASSOCIATED WITH EACH DOCUMENT.

(1) COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S INTEREST IN THE SUBJECT PROPERTY. FOR PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE PROMISSORY NOTE OR OTHER DEBT INSTRUMENT TOGETHER WITH A COMPLETE AND LEGIBLE COPY OF THE MORTGAGE AND ANY ASSIGNMENTS IN THE CHAIN FROM THE ORIGINAL MORTGAGEE TO THE CURRENT MOVING PARTY. (EXHIBIT A.)

(2) COPIES OF DOCUMENTS THAT ESTABLISH MOVANT'S STANDING TO BRING THIS MOTION. (EXHIBIT A.)

(3) COPIES OF DOCUMENTS THAT ESTABLISH THAT MOVANT'S INTEREST IN THE REAL PROPERTY OR COOPERATIVE APARTMENT WAS PERFECTED. FOR THE PURPOSES OF EXAMPLE ONLY, THIS MAY BE A COMPLETE AND LEGIBLE COPY OF THE FINANCING STATEMENT (UCC-1) FILED WITH THE CLERK'S OFFICE OR THE REGISTER OF THE COUNTY IN WHICH THE PROPERTY OR COOPERATIVE APARTMENT IS LOCATED. (EXHIBIT N/A.)

## DECLARATION AS TO BUSINESS RECORDS

I, Maria Rueda, THE Chief Financial Officer OF ABACUS FEDERAL SAVINGS BANK, THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE INFORMATION PROVIDED IN THIS FORM AND ANY EXHIBITS ATTACHED HERETO (OTHER THAN THE TRANSACTIONAL DOCUMENTS ATTACHED AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE) IS DERIVED FROM RECORDS THAT WERE MADE AT OR NEAR THE TIME OF THE OCCURRENCE OF THE MATTERS SET FORTH BY, OR FROM INFORMATION TRANSMITTED BY, A PERSON WITH KNOWLEDGE OF THOSE MATTERS; THAT THE RECORDS WERE KEPT IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY; AND THAT THE RECORDS WERE MADE IN THE COURSE OF THE REGULARLY CONDUCTED ACTIVITY AS A REGULAR PRACTICE.

I FURTHER DECLARE THAT COPIES OF ANY TRANSACTIONAL DOCUMENTS ATTACHED TO THIS FORM AS REQUIRED BY PARAGRAPHS 1, 2, AND 3, ABOVE, ARE TRUE AND CORRECT COPIES OF THE ORIGINAL DOCUMENTS.

EXECUTED AT New York City
ON THIS 14th DAY OF October, 20 26

NAME: Maria Rueda
TITLE: Chief Financial Officer
MOVANT: Abacus Federal Savings Bank
STREET ADDRESS: 6 Bowery
CITY, STATE AND ZIP CODE: New York, NY 10013

**DECLARATION**

I, Maria Rueda, THE Chief Financial Officer OF ABACUS FEDERAL SAVINGS BANK THE MOVANT HEREIN, DECLARE PURSUANT TO 28 U.S.C. SECTION 1746 UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT BASED ON PERSONAL KNOWLEDGE OF MOVANT'S BOOKS AND BUSINESS RECORDS.

EXECUTED AT New York City
ON THIS 14th DAY OF October, 20 26

NAME: Maria Rueda
TITLE: Chief Financial Officer
MOVANT: Abacus Federal Savings Bank
STREET ADDRESS: 6 Bowery
CITY, STATE AND ZIP CODE: New York, NY 10013